

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALIM J. TURNER,
    a/k/a "Baby Popoff,"
    a/k/a "BP,"
USHERY M. STEWART,
    a/k/a "U-Know,"
RONALD J. TURNER,
    a/k/a "Popoff,"
    a/k/a "RJ,"
KEDARIS T. GILMORE,
    a/k/a "Tragic,"
    a/k/a "KD,"
    a/k/a "Tra Dog,"
MAHLON T. PRATER, JR.,
    a/k/a "Lil' Moe,"
    a/k/a "Moe,"
    a/k/a "Hethtic,"
    a/k/a "Heck Dog,"
CAMARON A. BILLIPS,
    a/k/a "All-Star,"
    a/k/a "Cam,"
DEMETRIUS D. BIBBS,
    a/k/a "D Bibbs,"
    a/k/a "B,"
JYSHON FORBES,
    a/k/a "Shinny Man,"
ANTOINETTE N. TURNER,
KIANTE J. COOPER,
TREVOR COX,
    a/k/a "Tune,"

    Defendants.

No. 3:19-CR-151

JUDGES VARLAN / POPLIN

## SECOND SUPERSEDING INDICTMENT

### Count One

The Grand Jury charges that, from on or about July 15, 2018, through on or about November 22, 2019, in the Eastern District of Tennessee and elsewhere, the defendants:

**ALIM J. TURNER,**
a/k/a "Baby Popoff,"
a/k/a "BP,"
**USHERY M. STEWART,**
a/k/a "U-Know,"
**RONALD J. TURNER,**
a/k/a "Popoff,"
a/k/a "RJ,"
**KEDARIS T. GILMORE,**
a/k/a "Tragic,"
a/k/a "KD,"
a/k/a "Tra Dog,"
**MAHLON T. PRATER, JR.,**
a/k/a "Lil' Moe,"
a/k/a "Moe,"
a/k/a "Hethtic,"
a/k/a "Heck Dog,"
**CAMARON A. BILLIPS,**
a/k/a "All-Star,"
a/k/a "Cam,"
**DEMETRIUS D. BIBBS,**
a/k/a "D Bibbs,"
a/k/a "B,"
**JYSHON FORBES,**
a/k/a "Shinny Man,"
**ANTOINETTE N. TURNER,**
**KIANTE J. COOPER,**
**TREVOR COX,**
a/k/a "Tune,"

did combine, conspire, confederate, and agree with each other, and other persons known and unknown to the Grand Jury, to knowingly, intentionally, and without authority distribute Schedule I, II, III, and IV controlled substances, including the following:

2

(1) fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance;

(2) a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance;

(3) a quantity of a mixture and substance containing a detectable amount of oxycodone (Roxicodone™), a Schedule II controlled substance;

(4) a quantity of a mixture and substance containing a detectable amount of alprazolam, (Xanax®), a Schedule IV controlled substance;

(5) a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance;

(6) a quantity of a mixture and substance containing a detectable amount of buprenorphine, a Schedule III controlled substance; and

(7) a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance;

contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 841(b)(2).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The Grand Jury further charges that on divers days from on or about July 15, 2018, and continuing thereafter until or on about September 6, 2019, in the Eastern District of Tennessee, the defendants:

**ALIM J. TURNER,**
a/k/a "Baby Popoff,"

a/k/a "BP,"
USHERY M. STEWART,
a/k/a "U-Know,"
KEDARIS T. GILMORE,
a/k/a "Tragic,"
a/k/a "KD,"
a/k/a "Tra Dog,"
MAHLON T. PRATER, JR.,
a/k/a "Lil' Moe,"
a/k/a "Moe,"
a/k/a "Hethtic,"
a/k/a "Heck Dog,"
CAMARON A. BILLIPS,
a/k/a "All-Star,"
a/k/a "Cam,"
DEMETRIUS D. BIBBS,
a/k/a "D BIBBS,"
a/k/a "B,"
TREVOR COX,
a/k/a "Tune," and

aided and abetted by each other, did knowingly and unlawfully possess firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Section 846, as charged in Count One of this Second Superseding Indictment, and which is fully incorporated herein.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

### COUNT THREE

The Grand Jury further charges that from in or around June 2019 through on or about September 6, 2019, in the Eastern District of Tennessee and elsewhere, the defendants:

ALIM J. TURNER,
a/k/a "Baby Popoff,"
a/k/a "BP,"
USHERY M. STEWART,

4

a/k/a "U-Know,"
RONALD J. TURNER,
a/k/a "Popoff,"
a/k/a "RJ,"
KEDARIS T. GILMORE,
a/k/a "Tragic,"
a/k/a "KD,"
a/k/a "Tra Dog,"
JYSHON FORBES,
a/k/a "Shinny Man," and
KIANTE COOPER

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce involving the proceeds of a specified unlawful activity, that is, illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of a specified unlawful activity, that is, illegal drug trafficking in violation of Title 21, United States Code, Sections 841(1)(1) and 846, and knowing that the transaction was designed, in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

The Grand Jury further charges that on or about July 15, 2019, in the Eastern District of Tennessee, the defendants:

ALIM J. TURNER,
a/k/a "Baby Popoff,"

5

a/k/a "BP,"
RONALD J. TURNER,
a/k/a "Popoff,"
a/k/a "RJ,"
USHERY M. STEWART,
a/k/a "U-Know," and
MAHLON T. PRATER, JR.,
a/k/a "Lil' Moe,"
a/k/a "Moe,"
a/k/a "Hethtic,"
a/k/a "Heck Dog"

aided and abetted by each other, did knowingly, intentionally, and without authority attempt to possess with the intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 846, and Title 18, United States Code, Section 2.

## COUNT FIVE

The Grand Jury further charges that on or about June 8, 2019, in the Eastern District of Tennessee, the defendant, **KIANTE J. COOPER**, did knowingly, intentionally, and without authority attempt to distribute a quantity of a mixture and substance containing a detectable amount of alprazolam, (Xanax®), a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(2), and 846.

## COUNT SIX

The Grand Jury further charges that in or around the end of July 2019, in the Eastern District of Tennessee, the defendant, **MAHLON T. PRATER, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** did knowingly, intentionally, and without authority distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its

isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN

The Grand Jury further charges that in or around the end of July 2019, in the Eastern District of Tennessee, the defendant, **MAHLON T. PRATER, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), as charged in Count Six of this Second Superseding Indictment, and which is fully incorporated herein.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT EIGHT

The Grand Jury further charges that in or around July 2019, in the Eastern District of Tennessee, the defendant, **ALIM J. TURNER, a/k/a "Baby Popoff," a/k/a "BP,"** did knowingly, intentionally, and without authority distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT NINE

The Grand Jury further charges that in or around July 2019, in the Eastern District of Tennessee, the defendant, **ALIM J. TURNER, a/k/a "Baby Popoff," a/k/a "BP,"** did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of fifty (50) grams or

7

more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), as charged in Count Eight of this Second Superseding Indictment, and which is fully incorporated herein.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT TEN

The Grand Jury further charges that on or about June 30, 2019, in the Eastern District of Tennessee, the defendant, **CAMARON A. BILLIPS, a/k/a "All-Star," a/k/a "Cam,"** did knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN

The Grand Jury further charges that on or about June 30, 2019, in the Eastern District of Tennessee, the defendant, **CAMARON A. BILLIPS, a/k/a "All-Star," a/k/a "Cam,"** did knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE

The Grand Jury further charges that on or about July 25, 2019, in the Eastern District of Tennessee, the defendants, **CAMARON A. BILLIPS, a/k/a "All-Star," a/k/a "Cam," and DEMETRIUS D. BIBBS, a/k/a "D Bibbs," "B,"** aided and abetted by each other, did knowingly, intentionally, and without authority possess with intent to distribute a mixture and

8

substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT THIRTEEN

The Grand Jury further charges that in or about July 25, 2019, in the Eastern District of Tennessee, the defendants, **CAMARON A. BILLIPS, a/k/a "All-Star," a/k/a "Cam," and DEMETRIUS D. BIBBS, a/k/a "D Bibbs," "B,"** aided and abetted by each other, did knowingly and unlawfully possess and brandish a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, aiding and abetting the possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Twelve of this Second Superseding Indictment, and which is fully incorporated herein.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii), and 2.

### COUNT FOURTEEN

The Grand Jury further charges that on or about July 25, 2019, in the Eastern District of Tennessee, the defendant, **CAMARON A. BILLIPS, a/k/a "All-Star," a/k/a "Cam,"** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, and the firearm had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT FIFTEEN

The Grand Jury further charges that on or about July 25, 2019, in the Eastern District of Tennessee, the defendant, **DEMETRIUS D. BIBBS, a/k/a "D Bibbs," "B,"** knowing he had

previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, and the firearm had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

The Grand Jury further charges that on or about August 22, 2018, in the Eastern District of Tennessee, the defendant, **ANTOINETTE N. TURNER**, did knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN

The Grand Jury further charges that on or about August 28, 2018, in the Eastern District of Tennessee, the defendant, **ANTOINETTE N. TURNER**, did knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHTEEN

The Grand Jury further charges in or about July 2019, in the Eastern District of Tennessee, the defendant, **ALIM J. TURNER, a/k/a "Baby Popoff," a/k/a "BP,"** did knowingly, intentionally, and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT NINETEEN

The Grand Jury further charges that in or around July 2019, in the Eastern District of Tennessee, the defendant, **TREVOR COX, a/k/a "Tune,"** did knowingly, intentionally, and without authority possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT TWENTY

The Grand Jury further charges that on or about ▬▬▬ in the Eastern District of Tennessee, the defendant, ▬▬▬ aided and abetted ▬▬▬



▬▬▬, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 846, and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

The Grand Jury further charges that on or about August 1, 2019, in the Eastern District of Tennessee, the defendant, **KEDARIS T. GILMORE, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog,"** did knowingly, intentionally, and without authority distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## NOTICE OF ENHANCED PENALTIES

The Grand Jury further finds that before committing the offense charged in Counts One and Twenty-One of this Second Superseding Indictment, the defendant, **KEDARIS T. GILMORE, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog,"** had at least one final conviction

for a serious violent felony, for which he served more than 12 months in custody and was released from any term of imprisonment for this conviction within 15 years of the commencement of the offense charged in Count One of this Second Superseding Indictment. As a result, the defendant, **KEDARIS T. GILMORE, a/k/a "Tragic," a/k/a "KD,"** is subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(A) and 851.

The Grand Jury further finds that before committing the offense charged in Counts One and Twelve of this Second Superseding Indictment, the defendant, **DEMETRIUS D. BIBBS, a/k/a "D-Bibbs," "B,"** had at least one final conviction for a serious violent felony, for which he served more than 12 months in custody and was released from any term of imprisonment for this conviction within 15 years of the commencement of the offenses charged in Counts One and Twelve of this Second Superseding Indictment. As a result, the defendant, **DEMETRIUS D. BIBBS, a/k/a "D-Bibbs," "B,"** is subject to an enhanced penalty under Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(C), and 851.

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

The allegations contained in Counts One, Four, Five, Six, Eight, Ten, Eleven, Twelve, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One in this Second Superseding Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and/or 846, the defendants,

**ALIM J. TURNER,**
a/k/a "Baby Popoff,"
a/k/a "BP,"
**USHERY M. STEWART,**
a/k/a "U-Know,"
**RONALD J. TURNER,**
a/k/a "Popoff,"
a/k/a "RJ,"

KEDARIS T. GILMORE,
a/k/a "Tragic,"
a/k/a "KD,"
a/k/a "Tra Dog,"
MAHLON T. PRATER, JR.,
a/k/a "Lil' Moe,"
a/k/a "Moe,"
a/k/a "Hethtic,"
a/k/a "Heck Dog,"
CAMARON A. BILLIPS,
a/k/a "All-Star,"
a/k/a "Cam,"
DEMETRIUS D. BIBBS,
a/k/a "D Bibbs,"
a/k/a "B,"
JYSHON FORBES,
a/k/a "Shinny Man,"
ANTOINETTE N. TURNER,
KIANTE J. COOPER,
TREVOR COX,
a/k/a "Tune," and

[redacted]

shall forfeit to the United States of America any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to the following:

A. **Money Judgment**

Proceeds **all the defendants named in the caption of this Second Superseding Indictment** personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846 from the sale of the controlled substances listed in Count One of this Second Superseding Indictment, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(B)(1)(C).

B. **U.S. Currency**

(a) $13,130.00 U.S. currency seized from **KEDARIS T. GILMORE, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog,"** and **JYSHON FORBES, a/k/a "Shinny Man,"** on or about August 2, 2019.

(b) $2,204.72 in U.S. currency seized from **ALIM TURNER a/k/a "Baby Popoff," a/k/a "BP"** on or about September 6, 2019 at 3415 Sevier Ave., Apt. 9, Knoxville, Tennessee; and

(c) $554.00 in U.S. currency seized from **USHERY MICHAEL STEWART a/k/a "U-Know"** on or about September 5, 2019 at 301 Lippencott Street, Knoxville Tennessee.

Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty.

## MONEY LAUNDERING FORFEITURE ALLEGATIONS

The allegations contained in Count Three of this Second Superseding Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants,

**ALIM J. TURNER,**
a/k/a "Baby Popoff,"
a/k/a "BP,"
**USHERY M. STEWART,**
a/k/a "U-Know,"
**RONALD J. TURNER,**
a/k/a "Popoff,"

14

a/k/a "RJ,"
KEDARIS T. GILMORE,
a/k/a "Tragic,"
a/k/a "KD,"
a/k/a "Tra Dog,"
JYSHON FORBES,
a/k/a "Shinny Man," and
KIANTE COOPER

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

### Money Judgment

Proceeds the defendants, **ALIM J. TURNER,** a/k/a "Baby Popoff," a/k/a "BP," **USHERY M. STEWART,** a/k/a "U-Know," **RONALD J. TURNER,** a/k/a "Popoff," a/k/a "RJ," **KEDARIS T. GILMORE,** a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog," **JYSHON FORBES,** a/k/a "Shinny Man," and **KIANTE COOPER,** personally obtained which represents the funds involved in financial transactions as a result of the violations of Title 18, United States Code, Section 1956.

Pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the value of the property subject to forfeiture, if by any act or omission of the defendant, the property, or any portion thereof

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty.

15

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

*/s/ David P. Lewen, Jr.*

DAVID P. LEWEN, JR.
KEVIN QUENCER
Assistant United States Attorneys