# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:19-CR-151 |
| v. | ) | |
| | ) | Judge Varlan |
| ALIM J. TURNER | ) | |
|     a/k/a "Baby Popoff," | ) | |
|     a/k/a "BP," | ) | |
| USHERY M. STEWART, | ) | |
|     a/k/a "U-Know," | ) | |
| RONALD J. TURNER, | ) | |
|     a/k/a "Popoff," | ) | |
|     a/k/a "RJ," | ) | |
| KEDARIS T. GILMORE, | ) | |
|     a/k/a "Tragic," | ) | |
|     a/k/a "KD," | ) | |
|     a/k/a "Tra Dog," | ) | |
| MAHLON T. PRATER, JR., | ) | |
|     a/k/a "Lil' Moe," | ) | |
|     a/k/a "Moe," | ) | |
|     a/k/a "Hethtic," | ) | |
|     a/k/a "Heck Dog," | ) | |
| DEMETRIUS D. BIBBS, | ) | |
|     a/k/a "D Bibbs," | ) | |
|     a/k/a "B," | ) | |
| JYSHON FORBES, | ) | |
|     a/k/a "Shinny Man," | ) | |
| TREVOR COX, | ) | |
|     a/k/a "Tune," | ) | |
| | ) | |
| Defendants. | ) | |

1

## UNITED STATES' PROPOSED FINDINGS INSTRUCTIONS

## GENERAL INSTRUCTIONS

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

### Jurors' Duties[1]

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved that each Defendant is guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

---

[1] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.02 (2017).

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## Presumption of Innocence, Burden of Proof, and Reasonable Doubt[2]

As you know, the Defendants have pleaded not guilty to the crimes charged in the Second Superseding Indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with each of them unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that a particular Defendant is guilty.

This means that the Defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the Government to prove that each Defendant is guilty of each offense charged, and this burden stays on the Government from start to finish. You must find each Defendant not guilty unless the Government convinces you beyond a reasonable doubt that a Defendant is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a

---

[2] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.03 (2017).

doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved a Defendant is guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## **Evidence Defined[3]**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

## **Consideration of Evidence[4]**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

---

[3] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.04 (2017).
[4] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.05 (2017).

## Direct and Circumstantial Evidence[5]

Now, you have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses[6]

Another part of your job as jurors is to decide how credible or believable each witness was. That is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

---

[5] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.06 (2017).
[6] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.07 (2017).

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the Government or any of the Defendants, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

6

believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

### Number of Witnesses[7]

One more point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that rather than the numbers.

### Lawyers' Objections[8]

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.  The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

---

[7] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.08 (2017).
[8] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 1.09 (2017).

## <u>Introduction: Defining the Crime[9]</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the Defendants are accused of committing. But before I do that, I want to emphasize that the Defendants are only on trial for the particular crimes charged in the Second Superseding Indictment. Your job is limited to deciding whether the Government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for a particular crime is not a proper matter for you to consider. The possible guilt of others is not a defense to a criminal charge. Your job is to decide if the Government has proved each Defendant guilty for each particular crime for which they are charged. Do not let the possible guilt of others influence your decision in any way.

## <u>Separate Consideration – Defendants Charged with Different Crimes[10]</u>

Multiple defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

---

[9] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.01 (2017).
[10] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.01D (2017).

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

### Definitions of the Crime[11]

I will now give you some instructions regarding definitions of the offenses as charged in the Second Superseding Indictment.

### "On or About" [12]

Before I do, I want to say a word about the date mentioned in the indictment.

The Second Superseding Indictment charges that the crimes happened "on or about," "in or about," or "in or around" the specified date. The Government does not have to prove that the crimes happened on that exact date. But the Government must prove that the crimes happened reasonably close to that date.

### Inferring Required Mental State[13]

Next, I want to explain something about proving a Defendant's state of mind. Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

---

[11] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.02 (2017).
[12] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.04 (2017).
[13] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 2.08 (2017).

9

## Count One – Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), 841(b)(1)(E), and 841(b)(2).

Count one of the Second Superseding Indictment charges the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Ronald J. Turner, a/k/a "Popoff," a/k/a "RJ," Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog," Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog," Demetrius D. Bibbs, a/k/a "D Bibbs," "B," Jyshon Forbes, a/k/a "Shinny Man," and Trevor Cox, a/k/a "Tune,"** with conspiracy to distribute Schedule I, II, III, and IV controlled substances, including the following:

(1)     fifty (50) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance;

(2)     a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance;

(3)     a quantity of a mixture and substance containing a detectable amount of oxycodone (Roxicodone$^{TM}$), a Schedule II controlled substance;

(4)     a quantity of a mixture and substance containing a detectable amount of alprazolam (Xanax®), a Schedule IV controlled substance;

(5)     a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance;

(6)     a quantity of a mixture and substance containing a detectable amount of buprenorphine, a Schedule III controlled substance; and

(7)     a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.  A conspiracy is a kind of criminal partnership. For you to find a particular defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That two or more persons conspired or agreed to distribute: (1) 50 grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance; (2) a quantity of a mixture and substance containing a detectable amount of N-phenyl-

N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance;
(3) a quantity of a mixture and substance containing a detectable amount of oxycodone
(Roxicodone$^{TM}$), a Schedule II controlled substance; (4) a quantity of a mixture and substance
containing a detectable amount of alprazolam (Xanax®), a Schedule IV controlled substance; (5)
a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I
controlled substance; (6) a quantity of a mixture and substance containing a detectable amount of
buprenorphine, a Schedule III controlled substance; and (7) a quantity of a mixture and substance
containing a detectable amount of heroin, a Schedule I controlled substance; and

    (2)     That the particular defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these elements.

Agreement[14]

With regard to the first element – a criminal agreement – the government must prove that
two or more persons conspired, or agreed, to cooperate with each other to commit the crime of
distribution of controlled substances.

This does not require proof of any formal agreement, written or spoken. Nor does this
require proof that everyone involved agreed on all the details. But proof that people simply met
together from time to time and talked about common interests, or engaged in similar conduct, is
not enough to establish a criminal agreement. These are things that you may consider in
deciding whether the government has proved an agreement. but without more they are not
enough.

What the government must prove is that there was a mutual understanding, either spoken
or unspoken, between two or more people, to cooperate with each other to commit the crime of
distribution of controlled substances. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a
conclusion that an agreement existed, but it is up to the government to convince you that such
facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses the defendants of
conspiring to commit several federal crimes. The government does not have to prove the
defendants agreed to commit all these crimes, but the government must prove an agreement to
commit at least one of them for you to return a guilty verdict on the conspiracy charge.

---

[14] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.02 (2017).

<u>Defendant's Connection to the Conspiracy</u>[15]

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve the goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy, but without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. It is up to the government to convince you that such facts and circumstances existed in this particular case.

The following instruction specific to drug distribution also apply to this count: To prove that any of the defendants knowingly distributed the charged controlled substances in this case, those defendants did not have to know the specific controlled substance that was distributed. It is enough that the defendant knew that it was some kind of controlled substance. Further, a defendant did not have to know how much controlled substance he distributed. It is enough a defendant knew that he distributed some quantity of controlled substances. The term "distribute" means the defendant delivered or transferred a controlled substance. The term "distribute" includes the actual constructive or attempted transfer of a controlled substance.

---

[15] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.03 (2017).

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.

### Venue[17]

Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Eastern District of Tennessee. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the overt acts took place here in the Eastern District of Tennessee.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

### Count Two – Aiding and Abetting Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Count Two of the Second Superseding Indictment charges the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog," Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog," Demetrius D. Bibbs, a/k/a "D Bibbs," "B," and Trevor Cox, a/k/a "Tune,"** with aiding and abetting possession of firearms in furtherance of a drug trafficking crime. For you to find each of the defendants guilty of possessing firearms in furtherance of a drug trafficking crime, it is not necessary for you to find that each defendant personally committed the crime. You may also find a defendant guilty if he

---

[16] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.06 (2017).
[17] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.07 (2017).

intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog," Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog," Demetrius D. Bibbs, a/k/a "D Bibbs," "B," and Trevor Cox, a/k/a "Tune,"** guilty of possessing firearms in furtherance of a drug trafficking crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That the defendant committed the crime charged in Count One. Count One is a drug trafficking crime which may be prosecuted in a court of the United States.

(2) That the defendant knowingly possessed a firearm.

(3) That the possession of the firearm was in furtherance of the crime charged in Count One.

You may also find a defendant guilty of this offense as an aider and abettor, if you find that the defendant helped to commit or encouraged someone else to commit the crime of possessing firearms in furtherance of a drug trafficking crime. The defendant intended to aid and abet the crime of possessing firearms in furtherance of a drug trafficking crime if he had advance knowledge that an accomplice would possess firearms during the commission of a drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime has begun. It is sufficient if the defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed firearms.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these

elements, then you cannot find the defendant guilty of possessing firearms in furtherance of a drug trafficking crime as an aider and abettor.

## Count Three – Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

Count Three of the Second Superseding Indictment charges the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Ronald J. Turner, a/k/a "Popoff," a/k/a "RJ," Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog," Jyshon Forbes, a/k/a "Shinny Man,"** with conspiracy to commit money laundering.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.  A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That two or more persons conspired or agreed to conduct or attempt to conduct financial transactions;

(2)     The defendants knew that the property involved in the financial transactions represented the proceeds of illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

(3)     The defendants had the intent to promote the carrying on of illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and knew the transaction was designed, in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, that is illegal drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and

(4)     That the particular defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

The term "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other

means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The word "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The word "proceeds" means any property derived from, obtained, or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The phrase "knew that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" means that the defendant knew the property involved in the transaction represented the proceeds of some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. The government does not have to prove the defendant knew the property involved represented proceeds of a felony as long as he knew the property involved represented proceeds of some form of unlawful activity.

Agreement[18]

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of distribution of controlled substances.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. but without more they are not enough.

---

[18] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.02 (2017).

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of distribution of controlled substances. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. It is up to the government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement. The indictment accuses the defendants of conspiring to commit several federal crimes. The government does not have to prove the defendants agreed to commit all these crimes, but the government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

<u>Defendant's Connection to the Conspiracy</u>[19]

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve the goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy, but without more they are not enough.

---

[19] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.03 (2017).

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. It is up to the government to convince you that such facts and circumstances existed in this particular case.

<u>Unindicted, Unnamed, or Separately Tried Co-Conspirators</u>[20]

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.

<u>Venue</u>[21]

Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Eastern District of Tennessee. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the overt acts took place here in the Eastern District of Tennessee.

Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

---

[20] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.06 (2017).
[21] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.07 (2017).

**Count Four – Aiding and Abetting the Attempt to Possess with Intent to Distribute and Attempt to Cause the Possession with Intent to Distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2.[22]**

Count Four of the Second Superseding Indictment charges the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Ronald J. Turner, a/k/a "Popoff," a/k/a "RJ," Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** with aiding and abetting the attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance. For you to find each of the defendants guilty of the attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine, it is not necessary for you to find that each defendant personally committed the crime. You may also find a defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

For you to find the defendants, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP," Ushery M. Stewart, a/k/a "U-Know," Ronald J. Turner, a/k/a "Popoff," a/k/a "RJ," Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** guilty of the attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That on or about July 15, 2019, in the Eastern District of Tennessee, the defendants intended to commit the crimes of attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine; and

(2)     The defendants did some overt act that was a substantial step towards committing the crimes of attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine. Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation and must strongly confirm that he intended to possess with intent to distribute and cause the

---

[22] *United States v. Zidell*, 323 F.3d 412 (6th Cir. 2003)

possession with the intent to distribute fifty (50) grams or more methamphetamine. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

You may also find a defendant guilty of this offense as an aider and abettor, if you find that the defendant intended to help commit or encourage the crime of attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine. The defendant intended to aid and abet the crime of attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine, if he had advance knowledge that an accomplice would attempt to possess with intent to distribute and attempt to cause the possession with intent to distribute fifty (50) grams or more of methamphetamine. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the controlled substances may, but does not have to, exist before the underlying crime is begun. It is sufficient if the defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed controlled substances.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### Count Six – Distribution of 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

Count Six of the Second Superseding Indictment charges the defendant, **Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** with the crime of distributing fifty (50) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance. Methamphetamine is a Schedule II controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That in or around the end of July 2019, in the Eastern District of Tennessee, the defendant knowingly, intentionally, and without authority distributed fifty (50) grams or more of methamphetamine; and

(2)     That the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much methamphetamine he distributed.  It is enough that the defendant knew that he distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.


## Count Seven – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

Count Seven of the Second Superseding Indictment charges the defendant, **Mahlon T. Prater, JR., a/k/a "Lil' Moe," a/k/a "Moe," a/k/a "Hethtic," a/k/a "Heck Dog,"** with possessing a firearm in furtherance of a drug trafficking crime, as set out in Count Six.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That in or around the end of July 2019, in the Eastern District of Tennessee, the defendant committed the crime charged in Count Six.  Distribution of methamphetamine is a drug trafficking crime which may be prosecuted in a court of the United States.

(2)     That the defendant knowingly possessed a firearm.

(3)    That the possession of the firearm was in furtherance of the crime charged in Count Eight.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count Six. In deciding whether the firearm was possessed to advance or promote the crime charged in Count Six, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.


## Count Eight – Distribution of 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

Count Eight of the Second Superseding Indictment charges the defendant, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP,"** with the crime of distributing fifty (50) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance. Methamphetamine is a Schedule II controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)    That in or around July 2019, in the Eastern District of Tennessee, the defendant knowingly, intentionally, and without authority distributed 50 grams or more of methamphetamine; and

(2)    That the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much methamphetamine he distributed.  It is enough that the defendant knew that he distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.


### Count Nine – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

Count Nine of the Second Superseding Indictment charges the defendant, **Alim J. Turner, a/k/a "Baby Popoff," a/k/a "BP,"** with possessing a firearm in furtherance of a drug trafficking crime, as set out in Count Eight.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)    That in or around July 2019, in the Eastern District of Tennessee, the defendant committed the crime charged in Count Eight.  Distribution of methamphetamine is a drug trafficking crime which may be prosecuted in a court of the United States;

(2)    That the defendant knowingly possessed a firearm; and

23

(3)     That the possession of the firearm was in furtherance of the crime charged in Count Eight.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.  But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count Eight. In deciding whether the firearm was possessed to advance or promote the crime charged in Count Eight, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

### Count Twelve – Aiding and Abetting Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

Count Twelve of the Second Superseding Indictment charges the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** with aiding and abetting possession with the intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.  Heroin is a Schedule I controlled substance.  For you to find the defendant guilty of

24

possession with intent to distribute a mixture and substance containing a detectable amount of heroin, it is not necessary for you to find that the defendant personally committed the crime. You may also find the defendant guilty if he intentionally helped or encouraged Cameron A. Billips, a/k/a "All-Star," a/k/a "Cam," to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** guilty of possession with the intent to distribute a mixture and substance containing a detectable amount of heroin as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That on or about July 25, 2019, in the Eastern District of Tennessee, the defendant helped to commit or encouraged someone else to commit the crime of possession with the intent to distribute a mixture and substance containing a detectable amount of heroin.

(2)     That the defendant intended to help commit or encourage the crime of possession with the intent to distribute a mixture and substance containing a detectable amount of heroin. The defendant intended to aid and abet the crime of possession with the intent to distribute a mixture and substance containing a detectable amount of heroin, if he had advance knowledge that an accomplice would possess with the intent to distribute a mixture and substance containing a detectable amount of heroin. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the controlled substance may, but does not have to, exist before the underlying crime is begun. It is sufficient if the defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed with intent to distribute controlled substances.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor.

## Count Thirteen – Aiding and Abetting Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

Count Thirteen of the Second Superseding Indictment charges the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** with aiding and abetting the possession of firearms in furtherance of a drug trafficking crime. For you to find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime, it is not necessary for you to find that the defendant personally committed the crime. You may also find a defendant guilty if he intentionally helped or encouraged Cameron A. Billips, a/k/a "All-Star," a/k/a "Cam," to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That in or about July 25, 2019, in the Eastern District of Tennessee, the crime of possessing a firearm in furtherance of a drug trafficking crime was committed.

(2) That the defendant helped to commit or encouraged someone else to commit the crime of possessing a firearm in furtherance of a drug trafficking crime.

(3) That the defendant intended to help commit or encourage the crime of possessing a firearm in furtherance of a drug trafficking crime. The defendant intended to aid and abet the crime of possessing a firearm in furtherance of a drug trafficking crime if he had advance knowledge that an accomplice would possess a firearm during the commission of a drug trafficking crime. Advance knowledge means knowledge at a time the defendant can attempt to alter the plan or withdraw from the enterprise. Knowledge of the firearm may, but does not have to, exist before the underlying crime is begun. It is sufficient if the defendant gained the knowledge in the midst of the underlying crime, as long as the defendant chose to continue to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant chose to continue his participation in the crime after the defendant knew an accomplice possessed a firearm.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these

elements, then you cannot find the defendant guilty of possessing a firearm in furtherance of a drug trafficking crime as an aider and abettor.

## Count Fifteen – Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)

Count Fifteen of the Second Superseding Indictment charges the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)      That the defendant has been convicted of a crime punishable by imprisonment for more than one year.  [The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.][23]

(2)      That on or about July 25, 2019, in the Eastern District of Tennessee, the defendant, following his conviction, knowingly possessed a firearm.

(3)      That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.  [The government and the defendant have agreed that the defendant knew on July 25, 2019, that he had previously been convicted of a crime punishable by imprisonment for more than one year.][24]

(4)      That the specified firearm crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Tennessee.[25]

Now I will give you more detailed instructions on some of these elements.

I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.  But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

---

[23] After speaking with the defendant's attorney, it is anticipated the defendant will stipulate to this element, however, as of the date of this filing, a stipulation by the parties has not been signed.

[24] After speaking with the defendant's attorney, it is anticipated the defendant will stipulate to this element, however, as of the date of this filing, a stipulation by the parties has not been signed.

[25] After speaking with the defendant's attorney, it is anticipated the defendant will stipulate to this element, however, as of the date of this filing, a stipulation by the parties has not been signed.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## Count Eighteen – Distribution of 5 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

Count Eighteen of the Second Superseding Indictment charges the defendant, **Alim Turner, a/k/a "Baby Popoff," a/k/a "BP,"** with the crime of distributing five (5) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance. Methamphetamine is a Schedule II controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) That in or about July 2019, in the Eastern District of Tennessee, the defendant knowingly, intentionally, and without authority distributed five (5) grams or more of methamphetamine; and

(2) That the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much methamphetamine he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## Count Nineteen – Possession with intent to distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

Count Nineteen of the Second Superseding Indictment charges the defendant, **"Trevor Cox, a/k/a "Tune,"** with the crime of possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance. Methamphetamine is a Schedule II controlled substance. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That in or around July 2019, in the Eastern District of Tennessee, the defendant knowingly, intentionally, and without authority possessed fifty (50) grams or more of methamphetamine.

(2)     The defendant intended to distribute methamphetamine.

Now I will give you more detailed instructions on some of these terms.

I want to explain something about possession. To establish actual possession, the government must prove that the defendant had direct, physical control over the controlled substance, and knew that he had control of it.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the controlled substance, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

To prove that the defendant "knowingly" possessed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know

how much methamphetamine he possessed.  It is enough that the defendant knew that he possessed some quantity of methamphetamine.

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## Count Twenty-One – Distribution of 5 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)

Count Twenty-One of the Second Superseding Indictment charges the defendant, **Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD," a/k/a "Tra Dog,"** with the crime of distributing five (5) grams or more of methamphetamine, its salts, isomers, and salts or its isomers, a Schedule II controlled substance.  Methamphetamine is a Schedule II controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That on or about August 1, 2019, in the Eastern District of Tennessee, the defendant knowingly, intentionally, and without authority distributed five (5) grams or more of methamphetamine; and

(2)     That the defendant knew at the time of distribution that the substance was a controlled substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much methamphetamine he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### Enhanced Penalty for a Serious Violent Felony

*Kedaris T. Gilmore*

If you find that the defendant, **Kedaris T. Gilmore, a/k/a "Tragic," a/k/a "KD,"** is guilty of Counts One and Twenty-One of the Second Superseding Indictment, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That the defendant had one final conviction for which he served more than 12 months in custody;

(2)          That the defendant was released from any term of imprisonment for this conviction within 15 years of the commencement of the offenses charged in Counts One and Twenty-One of the Second Superseding Indictment.

The government and the defendant have agreed that the defendant was convicted in Knox County Criminal Court, Case Number 111052, of a felony offense for which he served a term of imprisonment of more than 12 months. The government and the defendant have also agreed that the defendant was released from the term of imprisonment within 15 years of the commencement of the crimes charged in Counts One and Twenty-One of the Second Superseding Indictment.

*Demetrius D. Bibbs*

If you find that the defendant, **Demetrius D. Bibbs, a/k/a "D Bibbs," "B,"** is guilty of Counts One and Twelve of the Second Superseding Indictment, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)        That the defendant had one final conviction for which he served more than 12 months in custody; and

(2)        That the defendant was released from any term of imprisonment for this conviction within 15 years of the commencement of the offenses charged in Counts One and Twelve of the Second Superseding Indictment.

[The government and the defendant have agreed that the defendant was convicted in the Criminal Court of Hamilton County, Tennessee, Case Number 277897, of a felony offense for which he served a term of imprisonment of more than 12 months. The government and the defendant have also agreed that the defendant was released from the term of imprisonment within 15 years of the commencement of the crimes charged in Counts One and Twelve of the Second Superseding Indictment.][26]

### Pinkerton Liability for Substantive Offenses Committed by Others[27]

Counts One and Three of the Second Superseding Indictment accuses the defendants of committing the crimes of conspiracy to distribute controlled substances and conspiracy to commit money laundering.

There are two ways that the government can prove the defendants guilty of these crimes. The first is by convincing you that a particular defendant personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

---

[26] After speaking with the defendant's attorney, it is anticipated the defendant will stipulate to this element, however, as of the date of this filing, a stipulation by the parties has not been signed.

[27] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 3.10 (2017).

32

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

But for you to find any one of the defendants guilty of Count One and/or Count Three based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That the defendant was a member of the conspiracy charged in Count One and/or Three of the indictment.

(2)     That after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime of conspiracy to distribute controlled substance as set forth in Court One and/or conspiracy to commit money laundering as set forth in Count Three.

(3)     That this crime was committed to help advance the conspiracy.

(4)     That this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

This does not require proof that each defendant specifically agreed or knew that the crime would be committed. But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy. No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## RULES OF EVIDENCE AND TESTIMONY

### Introduction[28]

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

### Other Acts of the Defendant[29]

You have heard testimony that some of the Defendants committed some acts other than the ones charged in the Second Superseding Indictment. If you find that a Defendant did those acts, you can consider the evidence only as it relates to the Government's claim on the Defendant's intent, motive, opportunity, preparation, plan, or knowledge. You must not consider it for any other purpose.

Remember that the Defendants are on trial here only for the crimes charged in the Second Superseding Indictment, not for the other acts. Do not return a guilty verdict unless the Government proves the crimes charged in the Second Superseding Indictment beyond a reasonable doubt.

### Transcriptions of Recordings[30]

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## DELIBERATIONS

### Introduction

Now let me finish up explaining some things about your deliberations in the jury room, and your possible verdicts.

---

[28] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 7.01 (2017).
[29] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 7.13 (2017).
[30] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 7.17 (2017).

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to Ms. Norwood, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to Ms. Norwood. Ms. Norwood will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, other than among yourselves, how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

Exhibits that were admitted in evidence will sent into the jury room with you.

One thing about the evidence. This court uses the jury evidence recording system, also known as JERS, which is a system that makes evidence electronically accessible in the jury deliberation room. To the extent possible, the evidence presented during trial has been captured electronically. Once it is released to you, you can view evidence in the deliberation room through the use of a touch screen computer. Any evidence that could not be captured by JERS will be physically sent into the deliberation room, as will any other evidence the court finds should be physically sent into the jury deliberation room. If you need assistance with JERS, please contact Ms. Norwood.

Experiments, Research, Investigation, and Outside Communications[31]

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, IPad, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your

---

[31] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.02 (2017).

verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### **Unanimous Verdict**[32]

Your verdict, whether it is guilty or not guilty, must be unanimous.  To find the Defendant **guilty**, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves Defendant's guilt beyond a reasonable doubt.

To find the Defendant **not guilty**, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.  Either way, guilty or not guilty, your verdict must be unanimous.

### **Duty to Deliberate**[33]

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's view, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not

---

[32] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.03 (2017).
[33] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.04 (2017).

hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

### Punishment[34]

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

### Verdict Form[35]

I have prepared a verdict form that you should use to record your verdict.

### [READ THE VERDICT FORM TO THE JURY]

If you decide that the Government has proved the charges against the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the Government has not proved the charges against any of the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

We have talked about the jury evidence recording system, also known as JERS, which makes evidence electronically accessible in the jury deliberation room. To the extent possible,

---

[34] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.05 (2017).
[35] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.06 (2017).

the evidence presented during trial has been captured electronically.  Once it is released to you, you can view the evidence in the deliberation room through the use of a touch screen computer.  Any evidence that could not be captured by JERS will be physically sent into the jury deliberation room.  If you need assistance with JERS, please contact Ms. Norwood.

## Juror Notes[36]

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## Court Has No Opinion[37]

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

(EITHER PARTY WISH THE JURY EXCUSED WHILE OBJECTIONS ARE TAKEN.)

You may again retire to deliberate your verdict.

---

[36] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.10 (2017).
[37] Sixth Circuit Pattern Jury Instructions, Criminal Cases § 8.09 (2017).

Case 3:19-cr-00151-TAV-DCP   Document 466   Filed 06/25/21   Page 38 of 38   PageID #: 3735