UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CR-151-TAV-DCP-14 |
| | ) | |
| TREVOR COX, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the defendant's pro se "Motion for Docket Entries, Plea Agreement,[1] and Sentencing Transcripts" [Doc. 932], wherein defendant seeks copies of the specified documents without cost or undue delay. Defendant asserts that this request is made pursuant to the Fifth Amendment to the Constitution as well as other statutory and procedural rules.

An indigent prisoner does not have a constitutional right to a free transcript, but he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his case. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 328 (1976) (providing free transcripts after a defendant has filed a direct appeal or a § 2255 motion and the trial judge certifies the appeal or suit is not frivolous and the transcript is needed to decide the

---

[1] The Court notes for the record that defendant went to trial in July 2021, and therefore there is no plea agreement in this case.

issue presented). That free copies may be helpful to an indigent defendant does not make it constitutionally required. *MacCollom*, 426 U.S. at 328.

Since then, several Courts of Appeal have held that there is no absolute right to free documents to assist a defendant in the preparation of a collateral attack, but that copies may be provided once such a motion has been filed and the court makes the proper certification, mentioned above. *United States v. Losing,* 584 F.2d 289, 291 (8th Cir. 1978), *cert. denied*, 439 U.S. 1081 (1979); *United States v. Lewis,* 605 F.2d 379 (8th Cir. 1979); *United States v. Connors,* 904 F.2d 535, 536 (9th Cir. 1990); *United States v. Alcorn*, 10 F. App'x 248, 248-49 (6th Cir. 2001); *Corrigan v. Thomas*, 55 F. App'x 754, 756 (6th Cir. 2003).

Because defendant does not have a motion pending, he is not entitled to free documents. The Court is **DIRECTED** to send a Copy Request Notice to defendant following entry of this Order, informing defendant of the procedures he may follow or fees he may pay to obtain requested documents that are available. Accordingly, defendant's motion [Doc. 932] is **DENIED**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE